## (May 13, 1968)

In the Matter of JOSEPH R. CALIENDO, an Attorney, Respondent. BROOKLYN BAR ASSOCIATION, Petitioner.— In this proceeding to discipline an attorney for professional misconduct, petitioner moves to confirm the report of the Justice of the Supreme Court to whom this court referred the charges for hearing and report. Respondent was admitted to the Bar by this court on June 23, 1948. The petition contains charges based on separate complaints by two clients of respondent. Respondent's answer, a general denial, was not interposed until after this court had made its order of reference. At the first session of the hearing, at which respondent appeared in person, no proof was adduced. However, he failed to appear at the adjourned session on January 10, 1968, at which petitioner's proofs were presented. At the opening of that session, the petition was amended to include a complaint by a third client, notice of motion for the amendment previously having been duly given to respondent. Respondent has also failed to appear in response to the instant motion to confirm the report. The three charges, generally stated, are that respondent neglected to perform legal services for which he had been retained. The report contains findings that respondent is guilty of all the charges, more specifically as follows: (1) Respondent failed to complete proceedings to obtain letters testamentary or of administration in a decedent's estate, although about seven years had passed since the time he was retained; he was paid a $700 fee; and bonds belonging to the estate valued at $1,400, in a safe-deposit box, have remained undistributed. (2) Respondent neglected to reduce his client's personal injury action to judgment. The proof was that the client's accident had occurred on May 2, 1964, that respondent commenced an action, by having a summons and complaint served, and that, although the defendant failed to answer the complaint, respondent did nothing further. (3) Respondent failed to account to a client with respect to a royalty matter in which respodnent had been paid a retainer fee of $100. The proof as to this was that respondent was retained on April 26, 1966 to collect royalties due the client, that respondent's agreed fee was one third of the amount on a contingency basis and that the $100 was a retainer fee. The report also contains a finding that respondent failed to answer requests made by petitioner's Committee on Grievances to attend its meetings (an allegation in the petition as to this, involving five such meetings, from November 16, 1966 to April 19, 1967, was established by the proofs at the hearing) and failed to appear at the hearing at which the proofs were adduced, "without good cause". The findings of the reporting Justice are clearly sustained by the evidence. Accordingly, the motion to confirm the report is granted. Respondent is herewith suspended from the practice of law for a period of two

years, commencing on the date hereof. Christ, Acting P. J., Brennan, Rabin, Benjamin and Munder, JJ., concur.